FILED

August 27, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:15 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Yolanda Howard,<br>　　　　　Employee,<br>v.<br>Unum,<br>　　　　　Employer,<br>And<br>Travelers Indemnity Co.,<br>　　　　　TPA/Insurance Carrier. | Docket No.: 2015-01-0005<br><br>State File No.: 84357-2014<br><br>Date of Injury: September 24, 2014<br><br><br><br>Judge: Thomas Wyatt |

## ORDER OF DISMISSAL

THIS CAUSE came on before the undersigned Workers' Compensation Judge on August 21, 2015, upon the Motion to Dismiss filed July 13, 2015, by Unum and its carrier, Travelers Indemnity Co., pursuant to Tennessee Compilation Rules & Regulations 0800-02-.14(3) (2014). Considering the positions of the parties, the applicable law, and the record pertinent to this motion, the Court concludes Unum is entitled to a dismissal of Ms. Howard's claim without prejudice to its refiling.

## ANALYSIS

### Issue

*Whether Unum is entitled to a dismissal of Ms. Howard's claim.*

### Technical Record

The Court designates the following as the technical record pertinent to Unum's Motion to Dismiss:

- Petition for Benefit Determination (PBD), with attachments, filed January 14, 2015;
- Dispute Certification Notice (DCN), filed February 9, 2015;

1

- Request for Expedited Hearing (REH), filed February 9, 2015;
- Exhibits introduced at the Expedited Hearing on March 6, 2015;
- Expedited Hearing Order, filed March 12, 2015;
- Expedited Hearing Notice of Appeal, filed March 18, 2015;
- Appeals Board Decision, filed April 8, 2015; and
- Unum's Motion to Dismiss and attachments, filed July 10, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence at the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence admitted at the Expedited Hearing.

## History of Claim

Ms. Howard filed a PBD on February 9, 2015, seeking medical and temporary disability benefits for carpal tunnel syndrome allegedly caused by repetitive work she performed in the course and scope of her employment by Unum. Ms. Howard requested an Expedited Hearing, which the Court conducted March 6, 2015. *See* Expedited Hearing Order. On March 12, 2015, the Court issued an Expedited Hearing Order denying the requested benefits because the only expert medical opinion on causation introduced at the Expedited Hearing was a causation questionnaire on which Dr. Marshall Jemison marked the "No ___ Not Primarily related" option.

Ms. Howard filed a Notice of Appeal to the Workers' Compensation Appeals Board on March 18, 2015. The Appeals Board affirmed the denial of benefits by order issued April 8, 2015. Unum filed its Motion to Dismiss on July 10, 2015. Ms. Howard did not file a written response to Unum's motion.

## Ms. Howard's Contentions

Ms. Howard admitted she did not have an expert medical opinion that contradicted Dr. Jemison's opinion that her carpal tunnel syndrome did not primarily arise out of and in the course and scope of her employment at Unum. Ms. Howard stated she made extensive, but unsuccessful, efforts to obtain legal representation in her claim.

## Unum's Contentions

Unum asserts the Court's Expedited Hearing Order informed Ms. Howard five months ago her claim would fail if she did not obtain expert medical opinion rebutting Dr. Jemison's opinion her carpal tunnel syndrome is not work-related. Nonetheless, she has not done so, thus indicating she either cannot obtain an opinion supporting her position or is unwilling to timely prosecute her claim. Unum contends this is the exact

2

type of claim that Tennessee Compilation Rules & Regulations 0800-02-21-.14(3) (Rule .14(3)) is designed to dismiss.

## Discussion

Rule .14(3) provides:

> If, as a result of the expedited hearing, the claim is denied on the grounds of compensability, . . . [and] the denial on the grounds of compensability is affirmed by the appeals board . . . , the employer may file a motion to dismiss with the assigned workers' compensation judge. . . . [T]he employee shall have thirty (30) calendar days to file a written response. Thereafter, the motion shall be set for a hearing and the judge shall issue an appropriate order.

Tenn. Comp. R. & Regs. 0800-02-21-.14(3).

The 2013 reforms to the Workers' Compensation Law imposed new evidentiary standards for proving the work-relatedness of an injury. Tennessee Code Annotated section 50-6-102(13)(A) (2014) provides, "[a]n injury is 'accidental' only if the injury is caused by a specific incident . . . arising primarily out of and in the course and scope of employment." Section 50-6-102(13)(B) provides, "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Section 50-6-102(13)(C) requires that the causation of an alleged work injury be "shown to a reasonable degree of medical certainty."* (Emphasis added.)

The Expedited Hearing Order provided Ms. Howard specific notice her claim failed because the only medical opinion admitted into evidence was Dr. Jemison's opinion her carpal tunnel syndrome was not primarily related to her work at Unum. *See* Expedited Hearing Order at *4, holding, "[i]n view of Dr. Jemison's response, *and there being no other causation opinion admitted into evidence,* the Court finds that Ms. Howard did not establish by expert medical opinion that her bilateral carpal tunnel syndrome arose primarily out of and in the course and scope of employment." (Emphasis added.) Additionally, Unum's Motion to Dismiss clearly indicated it sought to dismiss this claim on the ground Ms. Howard had not obtained expert medical opinion rebutting Dr. Jemison's unfavorable opinion. On the basis of the above, the Court finds that, despite being self-represented, Ms. Howard was well-aware of the nature of Unum's motion and that she needed to produce a favorable causation opinion to rebut Dr. Jemison's opinion to avoid dismissal of her claim.

When an employer successfully defends an injured worker's claim at an Expedited

3

Hearing, Rule .14(3) provides a procedural mechanism by which the employer can force the injured worker to address the evidentiary inadequacies that resulted in the adverse Expedited Hearing decision. If the injured worker does not address the subject evidentiary inadequacies, the employer is entitled to dismissal of the claim.

Here, Ms. Howard did not introduce expert medical opinion rebutting Dr. Jemison's unsupportive causation opinion, nor did she indicate she had the present ability and intent to do so. Therefore, the Court finds Unum is entitled to dismissal of Ms. Howard's claim. Tenn. Comp. R. & Regs. 0800-02-21-.14(3).

Rule .14(3) does not mandate whether a dismissal thereunder is with or without prejudice. In recognition of Ms. Howard's unsuccessful efforts to obtain representation in her claim, the Court dismisses her claim without prejudice.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court dismisses Ms. Howard's claim for benefits under the Workers' Compensation Law without prejudice to the refiling of the same.

2. The Court taxes the $150 filing fee to Unum and/or its carrier pursuant to Tennessee Compilation Rules & Regulations 0800-02-21-.07 (2014). Unum or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. **Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.**

**ENTERED this the 27th day of August, 2015.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation (Dismissal) Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

4

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation (Dismissal) Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2014).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing (if available) for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Request for Appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(4) (2014). Alternatively, the parties may file a joint statement of the evidence within fifteen calendar days of the filing of the Request for Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2014).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Dismissal Order was sent to the following recipients by the following methods of service on this the 27th day of August, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Yolanda Howard, Self-represented | | | X | YHoward127@yahoo.com |
| Gerard Siciliano, Attorney | | | X | gms@lutheranderson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov